186 F.2d 505
 MERRIMAC HAT CORP.
v.
CROWN OVERALL MFG. CO. et al.
 No. 66.
 Docket 21551.
 United States Court of Appeals Second Circuit.
 Argued December 12, 1950.
 Decided January 5, 1951.
 
 In August 1946, plaintiff-appellant filed applications in the Patent Office for registration of certain trade-marks. The applications were granted on or about June 22, 1948. In July, 1948, The Crown Overall Manufacturing Co., an Ohio corporation, and Excello Shirts, Inc., a New York corporation, filed oppositions in the Patent Office. Those opposition proceedings were pending when, on June 17, 1949, plaintiff began the present suit. Its complaint sought a declaratory judgment (a) to quiet plaintiff's title to its "common law trade-marks" and (b) to hold defendants' registered trade-marks invalid and not infringed by plaintiff. The complaint prayed temporary and permanent injunctions restraining defendants from proceeding with their oppositions in the Patent Office.
 Defendant Excello was served. Defendant Crown moved to quash service because it had not been served, and, in the alternative, moved to dismiss the complaint. Plaintiff's counsel admitted that Crown had not been served. The district judge made an order which stated that the motion to quash service was "moot," and also dismissed the complaint with leave to amend. The plaintiff's amended complaint alleged that the court had jurisdiction of Crown because Crown had moved to dismiss the original complaint.[1] Crown moved to dismiss the amended complaint for lack of jurisdiction over it, due to lack of service. The district court denied this motion. The court also denied plaintiff's motion for a temporary restraining order. Plaintiff has appealed.
 Harry Price, New York City (Lester Gutterman, New York City, of counsel) for appellant.
 Klein, Alexander & Cooper, New York City and Jaffin, Schneider, Kimmel & Galpeer, New York City (Frank Zugelter, Cincinnati, Ohio, and Stanley E. Zimmerman, New York City, of counsel), for appellee.
 Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.
 PER CURIAM.
 
 
 1
 Under Rule 12(b), 28 U.S.C.A., Crown, of course, did not waive lack of service by joining a motion to dismiss the complaint with its motion to quash service. As it was not served, no restraining order could be issued against it.
 
 
 2
 Since, however, Excello was served, we proceed to consider, on the merits, the denial of a restraining order as to it.[2] We need not consider whether, in some circumstances, a federal court may properly enjoin, pendente lite, a party from continuing with an opposition in the Patent Office. Suffice it to say that it would be an abuse of discretion to issue such an injunction where, as here, the plaintiff, long before bringing suit for such an injunction, had itself initiated the Patent Office proceedings. Accordingly, the denial of injunctive relief was correct.
 
 
 3
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 It also alleged that Crown was doing business in New York through persons named as sales agents who had been served. But there was no service on those persons except in their individual capacity as defendants. The plaintiff dismissed as to those persons as defendants
 
 
 [2]
 We shall not consider whether the complaint should be dismissed because Crown is an indispensable party